IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MIAMI

**CRB**

06-21612

CV 08    3614

| | |
|---|---|
| Ajay Baharani, individually And on behalf of class of similarly Situated persons, ) ) ) ) Plaintiffs, ) vs. ) Civil Action No. ) British Airways, United Airlines, AMR, ) American Airlines and And Virgin Atlantic, ) ) Defendants. ) | NIGHT BOX FILED 2006 MADDOX |

NIGHT BOX FILED

2006

MADDOX

## CLASS ACTION COMPLAINT

The plaintiff Ajay Baharani complains against the defendants as follows:

### Introduction

1.   This is a Section 1 Sherman Act antitrust class action brought against the defendants for an alleged price fixing conspiracy. The defendants have engaged in a horizontal conspiracy that concertedly set the amount of fuel surcharges imposed on passenger tickets for trans-Atlantic flights from the United States. Such alleged conduct is currently the subject matter of a grand jury investigation and a joint investigation of the United States Department of Justice and the British Office of Fair Trading.

### Jurisdiction

2.   This Court has subject matter jurisdiction pursuant to Section 15 of the Sherman Act, 15 U.S.C. § 15, for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 4 of the Clayton Act, 15 U.S.C. § 15, Section 16 of the Clayton Act, 15 U.S.C. § 16 and 28 U.S.C. §§ 1331, 1337.



## Parties & Venue

3.  The Plaintiff Ajay Baharani resides in the Southern District of Florida. In January of 2006, he traveled nonstop from the United States to London's Heathrow International Airport on a British Airways flight. During the class period, Mr. Baharani also traveled nonstop from the United States to London's Heathrow International on an American Airlines flight.

4.  Defendant British Airways has its principal place of business in Harmondsworth, Middlesex, England. It has offices throughout the United States, including at 2360 N.W. 66th Street # 701, Miami, Florida, 33147.

5.  Defendant AMR Corp. has its principal place of business at 4333 Amon Carter Boulevard, Fort Worth, TX 76155. It operates primarily in the airline industry through its principal subsidiary American Airlines, Inc.

6.  Defendant American Airlines, Inc. has its principal place of business at 4333 Amon Carter Boulevard, Fort Worth, TX 76155. It has additional offices in several of its hubs throughout the United States, including 601 Biscayne Blvd., Miami, Florida 33132.

7.  Defendant United Airlines Inc. has its principal place of business at 1200 E. Algonquin Rd., Elk Grove Township, IL, 60007. United Airlines maintains an office at 3191, Coral Gables, Florida 33145.

8.  The Defendant Virgin Atlantic has its headquarters at The Office, Manor Royal, Crawley, West Sussex, RH10 9NU. Virgin Atlantic maintains an U.S. office at 747 Belden Avenue, Norwalk, Connecticut 06850.

9.   Venue as to Defendants (set forth below) is proper in the Southern District of Florida, under Sections 15(a) and 22 of the Sherman Act, and 28 U.S.C. § 1391(b), (c), because one or more of the Defendants are found and transact business in the Southern District of Florida and/or the claims arose at least in part in the Southern District of Florida. Defendants regularly and continuously conduct business in interstate and foreign commerce between and among the several United States and foreign countries. The interstate trade and commerce described herein has been carried out, in part, within the Southern District of Florida.

### Class Action Allegations

10.   Plaintiff brings this action as a class action under Federal Rules of Civil Procedure 23(a), (b)(2), and 23(b)(3), on behalf itself and others similarly situated. The "Class" is defined as:

> all purchasers of passenger tickets from Defendants and their co-conspirators (the "Class") for air travel from the United States to Europe, at any time from at least as far back as May 1, 2004 to the present (the "Class Period"), the exact date being unknown. Excluded from the Class are Defendants, any subsidiaries or affiliates of Defendants, and any of Defendants' co-conspirators, whether or not named as a Defendant in this Complaint.

11.   The Class is so numerous that joinder of all members is impracticable. Due to the number of passengers traveling from the United States to Heathrow International during the class period and the geographic dispersion of such passengers, the Plaintiff believes that joinder of all Class members would be impracticable. While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff believes that there are, at least, thousands of members of the Class and that their identities can be learned from Defendants' and their co-conspirators' books and records.

12. Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and all members of the Class purchased passenger tickets from the defendants at artificially maintained, non-competitive prices established by the actions of Defendants and their unnamed co-conspirators in connection with the restraint of trade alleged herein. Plaintiff and the members of the Class have all sustained damage in that they paid inflated prices for the transportation services at issue due to Defendants' conduct in violation of federal law as complained of herein.

13. Plaintiff will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class action and antitrust litigation.

14. Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

    (a) Whether Defendants conspired, contracted or combined with others, for the purpose of and with the effect of raising, fixing, maintaining, pegging, or stabilizing the price of passenger tickets which were purchased by the Class;

    (b) Whether Defendants undertook actions to conceal the unlawful conspiracies, contracts or combinations described herein and;

    (c) Whether Defendants' conduct violated the relevant federal antitrust laws and caused injury to the business and property of Plaintiff and the Class and, if so, the proper measure of damages.

15. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all Class members is impracticable. The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the courts and Defendants, and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class. A class action, on the other hand, would achieve substantial economies of time, effort and expense, and would assure uniformity of decision as to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results.

16. The interest of members of the Class in individually controlling the prosecution of separate actions is theoretical rather than practical. The Class has a high degree of cohesion, and prosecution of the action through representatives would be unobjectionable. The amounts at stake for Class members, while substantial in the aggregate, are not great enough individually to enable them to maintain separate suits against Defendants. Plaintiff does not anticipate any difficulty in the management of this action as a class action.

## Interstate Commerce & Trade

17. Defendant, British Airways, carried 3.9 million passengers from the United States to the United Kingdom/Europe in fiscal year 2005 between Heathrow Airport in London and 14 cities in the United States with an annual passenger revenue of £6.5 million.

18. Defendant, American Airlines, had an annual passenger revenue of $20.7 billion in 2005 with approximately 35 percent of its passenger revenues derived from its

5

international operations. American Airlines carries passengers from Heathrow Airport in London to at least five U.S. cities.

19. Defendant, United Airlines, had an annual passenger revenue of over $12 billion in 2005 with approximately 38 percent of its passenger revenues derived from its international operations. United Airlines carries passengers from 7 U.S. cities to Heathrow Airport in London.

20. Defendant, Virgin Atlantic, announced a pre-tax profit of £68 million for the twelve months ending February 28, 2005 and carried a total of 4.4 million passengers in 2004. Virgin Atlantic carries passengers from 6 U.S. cities to London's Heathrow Airport.

## Factual Allegations

21. During the Class period, conspired, contracted or combined amongst themselves and with others, for the purpose of and with the effect of raising, fixing, pegging, maintaining or stabilizing the price of surcharges for passenger travel services purchased by the Class.

22. The defendants are the only airlines allowed under an agreement between the United States and the British governments to fly nonstop across the Atlantic to Heathrow. During the class period, the Plaintiff traveled non-stop on British Airways from the United States to Heathrow International. Upon information and belief, the price paid for this passenger ticket was above the competitive price that would have existed but for the alleged unlawful conspiracy to fixes prices for nonstop travel between the United States and Heathrow International.

6

23. On June 22, 2006, the United States Department of Justice and Britain's Office of Fair Trading acknowledged that they are investigating British Airways for allegedly colluding with the other defendants to fix ticket prices and fuel surcharges, particularly on flights between the United States and London's Heathrow International. In mid-June, 2006 the Office of Fair Trading raided British Airways offices as part of its investigation into price fixing of passenger fares. As a result of the investigation, British Airways placed two executives on leaves of absence: Commercial Director George Martin and Head of Communications Iain Burns.

24. The defendant airlines charge passengers about £35 (approx. $64) each way in fuel surcharges. The fuel surcharges have been routinely applied on passenger tickets as a separate line item since at least May of 2004. Since at least May 2004, the defendants have concertedly increased fuel surcharges on several occasions. Indeed, both British Airways and Virgin Atlantic introduced a fuel surcharge within a week of each other in May of 2004 for the same amount. In the same month, United and American announced an increase in its fuel surcharges.

25. In March of 2005, Virgin Atlantic increased its fuel surcharge from £10 to £16. The next day, British Airways also increased its fuel surcharge by the exact same amount.

26. In late March of 2006, Virgin Atlantic increased its fuel surcharge to £35 for trans-Atlantic flights which was shortly followed with an increase by British Airways to £35 in April 2006. United and American also increased fuel surcharges by corresponding dollar amount in April 2006 for increase in April of 2006 for trans-atlantic flights.

7

27.     On June 9, 2006, United and American increased fuel surcharges by an additional $10 to approximately $75 dollars. Upon information and belief, shortly after this increase, United and American were served grand jury subpoenas investigating the alleged price fixing conspiracy. On June 22, 2006, United and American publicly acknowledged that they have been served subpoenas for information concerning pricing practices for trans-Atlantic flights.

28.     Upon information and belief, the numerous increases in fuel surcharges during the class period resulted from unlawful coordination of pricing between and among the Defendants.

## COUNT I

### VIOLATION OF SECTION 1 OF THE SHERMAN ACT AND § 4 OF THE CLAYTON ACT

29.     Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

30.     Defendants and the unnamed co-conspirators entered into and engaged in a contract, combination or conspiracy in unreasonable restraint of trade in violation of Section 1 of the Sherman Act and Section 4 of the Clayton Act.

31.     The contract, combination or conspiracy has resulted in an agreement, understanding or concerted action between and among Defendants and the co-conspirators in furtherance of which Defendants fixed, maintained, and standardized prices for trans-Atlantic passenger travel services. Such contract, combination, or conspiracy constitutes a *per se* violation of the federal antitrust laws and is, in any event, an unreasonable and unlawful restraint of trade.

32. Defendants' contract, combination, agreement, understanding or concerted action with the co-conspirators occurred in or affected interstate and international commerce. Defendants' unlawful conduct was through mutual understandings or agreements by, between and among Defendants and the co-conspirators. These other co-conspirators have either acted willingly or, due to coercion, unwillingly in furtherance of the unlawful restraint of trade alleged herein.

33. The contract, combination or conspiracy has had the following effects:

(a) Prices charged to Plaintiff and the Class for trans-Atlantic passenger air travel services were fixed or stabilized at higher, artificially derived, non-competitive levels;

(b) Plaintiff and the Class have been deprived of the benefits of free, open and unrestricted competition in the market for trans-Atlantic passenger air travel services; and

(c) competition in establishing the prices paid, customers of, and territories for transportation services of trans-Atlantic passenger air travel services has been unlawfully restrained, suppressed and eliminated.

34. As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class have suffered injury in that they have paid supercompetitive prices for passenger air travel services.

### Demand for Jury Trial

35. Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial as to all issues triable by a jury.

### **Prayer for Relief**

36.   WHEREFORE, Plaintiff prays for relief as follows:

(1)   That the Court determine that this action may be maintained as a class action under Federal Rules of Civil Procedure 23(b)(2) and (b)(3), that Plaintiff be denominated as class representative and Plaintiff's counsel be appointed as counsel for the Class;

(2)   That the unlawful contract, combination and conspiracy alleged in Count I be adjudged and decreed to be an unreasonable restraint of trade or commerce in violation of Section 1 of the Sherman Act;

(3)   That Plaintiff and the Class recover compensatory damages, as provided by law, determined to have been sustained as to each of them, and that judgment be entered against Defendants on behalf of Plaintiff and each and every member of the Class;

(4)   That Plaintiff and the Class recover treble damages, as provided by law;

(5)   That Plaintiff and the Class recover their costs of the suit, including attorney's fees, as provided by law; and

(6)   For such further relief as the Court may deem just and proper.

Dated: Miami, Florida
June 23, 2006

BY: _____

de la O, Marko, Magolnick & Leyton
3001 S.W. 3rd Avenue
Miami, Florida 33129
Phone: 305-285-2000
Fax:   305-285-5555

OF COUNSEL:

WHATLEY DRAKE & KALLAS LLC
Joe R. Whatley, Jr.
Richard P. Rouco
2323 Second Avenue North
P. O. Box 10647
Birmingham, AL 35202-0647
Phone: (205) 328-9576
Fax: (205) 328-9669

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)    NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS**
Ajay Baharani, et al.

**DEFENDANTS**
United Airlines, et al.    06-21612

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Miguel M. de la O
de la O, Marko, Magoinick & Leyton
3001 Southwest 3rd Avenue
Miami, FL 33129

Attorneys (If Known)

**(d)** Check County Where Action Arose: ✓ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ✓ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)
✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☐ NO        b) Related Cases ☐ YES ☐ NO
JUDGE _____        DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
The Plaintiff alleges that the Defendants have engaged in an unlawful price fixing conspiracy in violation of Section 1 of the Sherman Act, 15 U.S.C. Section 1 (Sherman Act)
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD _____
DATE 6/27/06

FOR OFFICE USE ONLY
AMOUNT $350    RECEIPT # 94255

06/26/06

**CLOSED**
**CRB**
**CV 08    3614**

U.S. District Court
Southern District of Florida (Miami)
CIVIL DOCKET FOR CASE #: 1:06-cv-21612-CMA

Baharani v. British Airways, et al
Assigned to: Judge Cecilia M. Altonaga
Demand: $0
Cause: 15:0015 Antitrust Litigation

Date Filed: 06/23/2006
Date Terminated: 07/19/2006
Jury Demand: Plaintiff
Nature of Suit: 410 Anti-Trust
Jurisdiction: Federal Question

**Plaintiff**

**Ajay Baharani**    represented by **Joe R. Whatley, Jr.**
Whatley Drake & Kallas LLC
2001 Park Place North
Suite 1000
Birmingham, AL 35203
205-328-9576
Fax: 328-9669
Email: jwhatley@whatleydrake.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Miguel Manuel de la O**
3001 SW 3rd Avenue
Miami, FL 33129
305-285-2000
Fax: 285-5555
Email: delao@dmmllaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard P. Rouco**
Whatley Drake
2323 2nd Avenue North
Birmingham, AL 35203-2605
205-328-9576
Fax: 328-9669
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.
**Defendant**
**British Airways**

**Defendant**
United Airlines, Inc.

**Defendant**
AMR Corp.

**Defendant**
American Airlines, Inc.

**Defendant**
Virgin Atlantic

| Date Filed | # | Docket Text |
|---|---|---|
| 06/23/2006 | 1 | COMPLAINT filed; FILING FEE $350.00 RECEIPT # 942553 ; Magistrate Judge Turnoff (dg, Deputy Clerk) (Entered: 06/27/2006) |
| 06/23/2006 | 2 | SUMMONS(ES) issued for British Airways (dg, Deputy Clerk) (Entered: 06/27/2006) |
| 06/23/2006 | 3 | SUMMONS(ES) issued for United Airlines (dg, Deputy Clerk) (Entered: 06/27/2006) |
| 06/23/2006 | 4 | SUMMONS(ES) issued for American Airlines (dg, Deputy Clerk) (Entered: 06/27/2006) |
| 06/23/2006 | 5 | SUMMONS(ES) issued for Virgin Atlantic (dg, Deputy Clerk) (Entered: 06/27/2006) |
| 06/23/2006 | 6 | MOTION AND ORDER Appointing Special Process Server. Appointee: Yanes Security & Investigative Services (dg, Deputy Clerk) (Entered: 06/27/2006) |
| 07/12/2006 | 7 | RETURN OF SERVICE executed for United Airlines on 6/3/06 Answer due on 6/23/06 for United Airlines (ct, Deputy Clerk) (Entered: 07/13/2006) |
| 07/12/2006 | 8 | RETURN OF SERVICE executed for British Airways on 6/28/06 Answer due on 7/18/06 for British Airways (ct, Deputy Clerk) (Entered: 07/13/2006) |
| 07/12/2006 | 9 | RETURN OF SERVICE executed for Virgin Atlantic on 6/28/06 Answer due on 7/18/06 for Virgin Atlantic (ct, Deputy Clerk) (Entered: 07/13/2006) |
| 07/12/2006 | 10 | RETURN OF SERVICE executed for American Airlines on 6/28/06 Answer due on 7/18/06 for American Airlines (ct, Deputy Clerk) (Entered: 07/13/2006) |
| 07/18/2006 | 11 | MOTION by Ajay Baharani for Richard P. Rouco to appear pro hac vice $75 fee paid (mh, Deputy Clerk) (Entered: 07/19/2006) |

| 07/18/2006 | 12 | ORDER granting [11-1] motion for Richard P. Rouco to appear pro hac vice (Signed by Judge Cecilia M. Altonaga on 7/18/06) [EOD Date: 7/19/06] (mh, Deputy Clerk) (Entered: 07/19/2006) |
| --- | --- | --- |
| 07/18/2006 | 13 | MOTION by British Airways, United Airlines, AMR Corp., Virgin Atlantic (Attorney ) to extend time to respond to the complaint (Former Deputy Clerk) (Entered: 07/19/2006) |
| 07/19/2006 | 14 | ORDER that this case is stayed pending transfer to the MDL. This case is administratively closed. ( Signed by Judge Cecilia M. Altonaga on 7/19/06) [EOD Date: 7/20/06] (ct, Deputy Clerk) (Entered: 07/20/2006) |
| 07/19/2006 |  | CASE CLOSED. Case and Motions no longer referred to Magistrate. (ct, Deputy Clerk) (Entered: 07/20/2006) |
| 07/19/2006 | 15 | NOTICE of filing corrected order, by British Airways, United Airlines, AMR Corp., American Airlines, Virgin Atlantic (Former Deputy Clerk) (Entered: 07/20/2006) |
| 07/20/2006 | 16 | ORDER granting [13-1] motion to extend time to respond to the complaint ( Signed by Judge Jose E. Martinez for Judge Cecilia M. Altonaga on 7/20/06) [EOD Date: 7/21/06] (ct, Deputy Clerk) (Entered: 07/21/2006) |
| 12/14/2006 | 17 | MDL CONDITIONAL TRANSFER ORDER (CTO-2) transferring case to the Northern District of California re: MDL # 1793 for consolidated pretrial proceedings pursuant to 28 USC 1407 and assigned to Judge Charles R. Breyer (signed by Jeffery N. Luthi, Clerk of the Panel) (sk) (Entered: 12/14/2006) |
| 01/17/2007 | 18 | CONDITIONAL TRANSFER ORDER (CTO-2) transferring case to the Northern District of California re: MDL # 1793 for consolidated pretrial proceedings pursuant to 28 USC 1407 and assigned to Judge Charles R. Breyer (signed by Jeffery N. Luthi, Clerk of the Panel) (sk) (Entered: 01/17/2007) |
| 01/17/2007 | 19 | TRANSMITTAL letter re transferring the case to the Northern District of California. The Northern District of California will obtain additional copies needed electronically via PACER. (sk) (Entered: 01/17/2007) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 07/28/2008 18:16:52 | | | |
| PACER Login: | ▇▇▇ | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:06-cv-21612-CMA |
| Billable Pages: | 2 | Cost: | 0.16 |